IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINDA J. HART, <br> MELROSE PROPERTIES LTD, <br> and MELROSE PROPERTY <br> MANAGEMNT CORP. <br> <br> VS. <br> <br> NORDSTROM, et al. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.4:14-CV-660-Y |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER</u>

In this case, Plaintiffs have filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Linda J. Hart lists herself as a plaintiff, and she also lists Melrose Properties Ltd., and Melrose Property Management Corp. as additional plaintiffs. She has named several defendants, but the lead defendant is Nordstrom.

C. LEGAL ANALYSIS

Plaintiff Linda Hart accompanied the complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 in both her

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

name and in the name of Melrose Properties, Ltd.. She also lists as an additional plaintiff Melrose Properties Management Corp.

Hart has previously been informed that a corporate or non-individual entity cannot proceed *pro se* in federal court. *See Hart v. Legacy Oil Corp., et al.,* No.4:14-CV-580-A (Order of August 6, 2014). And, Title 28 U.S.C. § 1915, providing for appearances in forma pauperis, by its own language, is limited to "persons."[2] The Supreme Court has held that a only a natural person may qualify for treatment *in forma pauperis* under § 1915. *Rowland v. California Men's Council, Unit II Men's Advisory Council,* 506 U.S. 194, 196, 199-206 (holding that an association of prison inmates did not qualify as a "person" under § 1915, and expressly rejecting the argument that "person" in the context of § 1915 could include corporations, associations, and partnerships as well as individuals); *see generally Dailey v. R & J Commercial Contracting, et al.,* No. C2-01-403, 2002 WL 484988, at *5 (S.D. Oh. March 28, 2002)(holding that a corporation is not a "person" within meaning of § 1915, and thus not authorized to file a civil action in United States District Court without paying the required filing fee.)

Thus, as the Plaintiffs in this case include non-individual parties, plaintiff Linda J. Hart's motion to proceed in forma pauperis should be denied, and the Plaintiffs collectively must pay the filing and administrative fees.

---

[2] 28 U.S.C.A. § 1915(a)(1)(West Supp. 2014)("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . .").

2

RECOMMENDATION

It is therefore RECOMMENDED that because there are plaintiffs in this case that are not "persons" as defined under 28 U.S.C. § 1915, the motion/application to proceed in forma pauperis [docket no. 2] should be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiffs that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiffs collectively pay to the clerk of Court the filing and administrative fees of $400.00[3] within seven (7) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 8, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate

---

[3] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until September 8, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED August 18, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4